UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STOCKFOOD AMERICA, INC.,

        Plaintiff,

v.

BERGEN BAY DOCKS, INC. dba BERGEN ON THE BAY,

        Defendant.

CASE NO.: 2:19-cv-01016

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff STOCKFOOD AMERICA, INC. by and through undersigned counsel, brings this Complaint against Defendant BERGEN BAY DOCKS, INC. dba BERGEN ON THE BAY for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.   Plaintiff STOCKFOOD AMERICA, INC. ("STOCKFOOD"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Stockfood's original copyrighted works of authorship.

2.   Our client is the world's leading food image agency. Stockfood has a unique collection of food images, videos, features and recipes on the worldwide subject of food and drink. Stockfood was founded in Munich, Germany by photographer Pete A. Eising. In 1996, Stockfood founded a sales office in Kennebunk, Maine, and in 2007, in London, England. Stockfood specialized in the art of food from the very beginning. In addition to a renowned food photography studio, Studio Eising, the company initially offered exclusively rights-managed

images.  In 2002 the offering was expanded to include royalty-free images, and in 2008 videos were added, together with an in-house production studio.

3. In 2011, features – complete articles including images and text – became available too.  Today, an in-house editorial team can supply appropriate text of all images, videos, feature articles and recipes.  Stockfood content and productions can be found in high-quality print publications, mobile apps, advertisements, books and calendars worldwide.

4. Defendant BERGEN BAY DOCKS, INC. dba BERGEN ON THE BAY ("Bergen on the Bay") is a full service fuel, bait, tackle, ice, and deli business catering to fisherman and boaters on the Great South Bay on Bergen Point.

5. Stockfood alleges that Bergen on the Bay copied Stockfood's copyrighted Work from the internet in order to advertise, market and promote its business activities.  Bergen on the Bay committed the violations alleged in connection with Bergen on the Bay's business for purposes of advertising and promoting sales to the public in the course and scope of Bergen on the Bay's business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendant is subject to personal jurisdiction in New York.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

10.     Bergen Bay Docks, Inc. dba Bergen On The Bay is a New York corporation with its principal place of business at 605 Bergen Avenue, West Babylon, New York, 11704, and can be served by serving its Registered Agent, Bergen Bay Docks, Inc, 32 Hollister Lane, Islip, New York, 11751.

## THE COPYRIGHTED WORK AT ISSUE

11.     In 2010, Stockfood created a photograph entitled "00696699," which is shown below and referred to herein as the "Work".



12. Stockfood registered the Work with the Register of Copyrights on June 10, 2013 and was assigned the registration number VA 1-434-112. The Certificate of Registration is attached hereto as Exhibit 1.

13. At all relevant times Stockfood was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

14. Bergen on the Bay has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Bergen on the Bay copied the Work.

16. Bergen on the Bay copied Stockfood's copyrighted Work without Stockfood's permission.

17. After Bergen on the Bay copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its full service bait, tackle, fuel and deli business.

18. Bergen on the Bay copied and distributed Stockfood's copyrighted Work in connection with Bergen on the Bay's business for purposes of advertising and promoting Bergen on the Bay's business, and in the course and scope of advertising and selling products and services.

19. Stockfood's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

20. Bergen on the Bay committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

21. Stockfood never gave Bergen on the Bay permission or authority to copy, distribute or display the Work at issue in this case.

22. Stockfood notified Bergen on the Bay of the allegations set forth herein on February 5, 2018 and May 3, 2018. To date, Bergen on the Bay has failed to respond to Plaintiff's Notices. Copies of the Notices to Bergen on the Bay are attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Stockfood owns a valid copyright in the Work at issue in this case.

25. Stockfood registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

26. Bergen on the Bay copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Stockfood's authorization in violation of 17 U.S.C. § 501.

27. Bergen on the Bay performed the acts alleged in the course and scope of its business activities.

28. Stockfood has been damaged.

29. The harm caused to Stockfood has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Bergen on the Bay that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff its actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

e. Plaintiff be awarded prejudgment interest; and

f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 20, 2019                    Respectfully submitted,

>                                            */s/  Joseph A. Dunne*
>                                            JOSEPH A. DUNNE (JD0674)
>                                            joseph.dunne@sriplaw.com
>                                            JOEL B. ROTHMAN (JR0352)
>                                            joel.rothman@sriplaw.com
>                                            JONAH A. GROSSBARDT (JG5854)
>                                            jonah.grossbardt@sriplaw.com
>
>                                            **SRIPLAW**
>                                            125 Maiden Lane
>                                            Suite 5C
>                                            New York, NY  10038
>                                            929.200.8446 – Telephone
>                                            561.404.4353 – Facsimile
>
>                                            *Attorneys for Plaintiff Stockfood America, Inc.*